UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER FLORES RIVERA,<br><br>             Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX<br>DETENTION FACILITY,<br><br>             Respondents. | No. 1:26-cv-04899-DJC-JDP<br><br><br>ORDER<br><br>A# 241-987-766 |

Petitioner Javier Flores Riverais an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 3).  The Court has previously addressed the legal issues raised in Count 1 of the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 7.) Neither party objected to the Court ruling directly on the merits of the petition. Respondents argue that the present case is distinguishable based on Petitioner's criminal history and the fact that he was transferred to ICE custody in connection with his arrest by local law enforcement in connection with criminal charges.  (ECF No. 8 at

1

3-4.)  This does not alter the Court's analysis, though it justifies providing Petitioner with a prompt post-deprivation hearing.  *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[1]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Javier Flores Rivera a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.  If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

Respondents shall file a status report within five (5) days of Petitioner's bond hearing, confirming a bond hearing was conducted.

Petitioner's Motion to Proceed In Forma Pauperis (ECF No. 2) is GRANTED.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **July 9, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.